Carlyle **BERNARD** and John Simino, Plaintiffs–Appellants,

v.

**LOCAL 100, TRANSPORT WORKERS UNION OF AMERICA, AFL–CIO,** Defendant–Appellee.

**No. 1328, Docket 96–9235.**

United States Court of Appeals, Second Circuit.

Argued April 17, 1997.

Decided April 23, 1997.

cle to our reliance on a conflict in determining the scope of admissible evidence in a case that involves *de novo* review.

68

Arthur Z. Schwartz, Kennedy, Schwartz & Cure, P.C. (Arthur Z. Schwartz and Lauren Esposito, of counsel), New York City, for Plaintiffs–Appellants.

Manlio Di Preta, O'Donnell, Schwartz, Glanstein & Rosen (David Rosen, of counsel), New York City, for Defendent–Appellee.

Before: WINTER, CABRANES, and PARKER, Circuit Judges.

PER CURIAM:

Appellants Carlyle Bernard and John Simino are members of the Coney Island Overhaul Section of the Car Maintenance Division of Local 100, Transport Workers Union of America, AFL–CIO. Simino nominated Bernard for election to the Section's position of Recording Secretary. However, Bernard was denied a place on the ballot because of a union by-law that requires candidates running for Section or Division office to have attended at least five (5) or fifty percent (50%) of the combined Section and Division meetings in the twelve-month period immediately preceding the month in which nominations for office take place. Bernard could not satisfy the requirements of that by-law and sought relief in the district court pursuant to Section 101(a)(1) of Title I of the Labor–Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. § 401 *et seq.* Judge Koeltl denied plaintiffs' motion for a preliminary injunction, *Bernard v. Local 100, Transport Workers Union,* 873 F.Supp. 824 (S.D.N.Y.1995), and thereafter granted defendant's motion for summary judgment, largely for the reasons stated in the cited opinion.

Appellants rely on *Local 3489, United Steelworkers v. Usery,* 429 U.S. 305, 97 S.Ct. 611, 50 L.Ed.2d 502 (1977), to support the proposition that the meeting attendance requirement was unlawful. In *Local 3489,* the Supreme Court held that a meeting attendance requirement that results in the exclusion of 96.5 percent of members from candidacy for office cannot be considered a "reasonable qualification" under Section 401(e) of the LMRDA, which provides that every union member in good standing shall be eligible to be a candidate and hold office, subject to "reasonable qualifications." 429 U.S. at 310, 97 S.Ct. at 615.

It is conceded in this matter that Section officers—like Recording Secretary—are not union officers for purposes of Title IV of the LMRDA. Indeed, that is why relief is sought only under Title I. However, Title I and Title IV deal with different aspects of union electoral processes and apply different standards of reasonableness to union rules governing those processes. *See Calhoon v. Harvey,* 379 U.S. 134, 138–41, 85 S.Ct. 292, 295–96, 13 L.Ed.2d 190 (1964). We therefore affirm for substantially the reasons stated with regard to the merits in the district court's opinion cited above.